UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

REDAFCO, INC.,

              Plaintiff,

-against-

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

              Defendant.

------------------------------------------------------------ x

Case No. 1:25-cv-04891-JSR

**STIPULATION AND ORDER REGARDING PROTOCOL FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION**

All parties to this action (the "Parties") hereby stipulate and agree as follows:

**I. GENERAL PROVISIONS**

    A.    This Stipulation and Order shall not limit or expand the scope of discovery permissible under the Federal Rules of Civil Procedure, any Local Rule, or any other Court order. Except as specified herein, the Federal Rules of Civil Procedure, Local Rules for the Southern District of New York, and Judge Rakoff's Individual Practices shall govern discovery and motion practice. The stipulations below may be modified by agreement of the Parties, or by the Court upon a showing of good cause. The Parties shall seek to cooperate and make good faith efforts to avoid duplicative or other unnecessary discovery.

    B.    This Stipulation and Order does not address and shall not be construed or interpreted to address or determine, whether documents, Electronically Stored Information ("ESI"), or any other information or data (collectively, "Discovery Material") produced subject to the terms of this Stipulation and Order is relevant or admissible in this action or any other action or proceeding. Admissibility of Discovery Material in this action shall be governed by the Federal Rules of Evidence, and/or any other applicable law, rule, or order of court. Any production of Discovery Material made pursuant to this Stipulation and Order is also subject to the requirements

and protections set forth in the Protective Order entered by the Court in this matter (the "Protective Order").

C.   Nothing in this Stipulation and Order requires disclosure of (i) irrelevant Discovery Material or (ii) relevant Discovery Material protected by the attorney-client privilege, the work-product doctrine or protection, or any other applicable privilege, protection, or immunity. Further, by entering into this Stipulation and Order, the Parties do not waive any objections as to the production, discoverability, authenticity, relevancy, admissibility, or confidentiality of any Discovery Material. Production of all Discovery Material in this action shall be without prejudice to and shall not waive, for purposes of this action or otherwise, any attorney-client privilege, work-product protection, or any other privilege, protection, or immunity that otherwise would apply. This non-waiver provision should be interpreted to provide the broadest privilege protection allowable under any applicable law. Nothing contained herein is intended, or shall serve, to limit any party's right to conduct a review of Discovery Material, for relevance, responsiveness, and/or identification of privileged or otherwise protected Discovery Material, before production of such Discovery Material to any requesting Party.

D.   The existence of this Stipulation and Order shall not prohibit a Party seeking production of Discovery Material and a Party making a production of Discovery Material from agreeing to terms and conditions governing such production that differ from, or are in addition to, the terms and conditions set forth in this Stipulation and Order. Any such agreement shall be in writing.

II.  **PRODUCTION SPECIFICATIONS**

   A.  **Method of Production**

   1.   Documents, including paper copies, shall be produced electronically unless not

technologically feasible or economically practicable. Where it is not technologically feasible or economically practicable to produce documents electronically, documents should either be produced in paper format or made available consistent with Federal Rule of Civil Procedure 34. The Parties shall provide sufficient information to identify the Document Custodian, which may not be an individual person, associated with each set of Documents produced.

2. Documents produced electronically shall be produced in TIFF format, at 300 x 300 dpi resolution, with the exception of color critical documents, e.g., graphics, maps, graphs, and charts, or where production in native format is more practical, *e.g.*, spreadsheets, PowerPoint presentations, construction schedules, blueprints, plans, photographs, videos, audio files, and recordings. To the extent possible, photographs should be produced in native format (*e.g.* JPEG, JPG, etc.) in order to preserve metadata.

3. The Parties shall use reasonable, good-faith efforts to avoid the production of duplicate ESI. As such, the Parties agree to de-duplicate their respective ESI productions globally, where technologically feasible and economically practicable. The Parties further agree that reputable e- mail threading software may be used to help identify lesser-included, duplicative e-mail threads to help further reduce redundancy and costs associated with the production process.

4. It shall not be necessary for the Parties to produce, preserve, or search for information from the following sources: Smartphones or other similar portable devices, cellular phones, and voicemail systems. It also shall not be necessary for the Parties to produce, preserve, or search for information from legacy computer systems. Absent a strong showing of need by a requesting Party, it shall not be necessary for Parties to produce, preserve, or search for information on home/personal computers, backup tapes or disaster recovery systems.

B. **Bates Numbering**

Each party will use a single prefix production prefix unique to that entity. Production prefixes must not use any spaces or any punctuation marks. Production prefixes should be no longer than six characters. Production prefixes should not end with one of the following characters: capital "D", capital "I", lower case "l", capital "O" or lower case "o". The numeric portion of each production number should be padded to 8 digits. Productions should contain sequential Bates numbers with no gaps. There should be no gaps in Bates numbers between productions. If a Bates number or set of Bates numbers is skipped in a production, the producing party shall so note in a cover letter, redaction log, or privilege log. To the extent possible, each native photograph should be assigned its own Bates number.

C. **Electronic Format**

1. All scanned documents or electronically stored information ("ESI") shall be produced as single-paged Group IV TIFF images, (at least) 300 dpi. Each image shall have a unique file name, which is the Bates number of the document, and each image shall be placed into a folder called "IMAGES." Original document orientation shall be maintained (i.e., portrait to portrait and landscape to landscape).

2. Each provided native file shall have a unique Bates number in accordance with Section II.B above that corresponds to the Bates number of the associated placeholder referred to in Section II.C.3 below and will be produced in a folder named "NATIVES."

3. All documents produced in native format or made available pursuant to Federal Rule of Civil Procedure 34 shall have a TIFF "placeholder" page indicating the file is being produced in native format or being made available pursuant to Rule 34 and that is endorsed with the Bates number for that document so the image is viewable in Summation, Concordance, Ipro

and Relativity.

4. To the extent a document is produced in redacted form, any redaction(s) shall be clearly indicated on the face of the document, and each page of the document from which information is redacted shall bear a designation that it has been redacted. Documents that are to be produced in native format, but that require redactions may be produced as TIFF images with the relevant portions redacted, or if a TIFF image production is not practicable (e.g., the file is a video or very large spreadsheet), the producing Party may produce a copy of the native file with the relevant portions replaced with "[REDACTED]" or a similar mark.

5. All ESI, including but not limited to for native files and e-mail, shall include at least the following original metadata fields contained therein (as applicable):

| Field # | Field Name | Description |
|---|---|---|
| 1. | BegDoc# | First Bates number assigned to the document. This will be the field to which the TIFF images will be linked. |
| 2. | EndDoc# | Last Bates number assigned to the document. |
| 3. | BegAttach | First Bates number assigned to the email message unit. |
| 4. | EndAttach | Last Bates number assigned to the email message unit. |
| 5. | Filename | Original filename of native file. |
| 6. | Native_File | Fully qualified original path including filename. This will be the field to which the native file will be linked. |
| 7. | Subject | Subject field value extracted from the metadata of the native file. |
| 8. | Title | Title field value extracted from the metadata of the native file. |
| 9. | Comments | Comments field value pulled from the metadata of the native file. |
| 10. | Filesize | Size of native file, in bytes. |
| 11. | To | Main recipient(s) of the email message. |

| 12. | From | Sender of the email message. |
|---|---|---|
| 13. | CC | Recipient(s) of "Carbon Copies" of the email message. |
| 14. | BCC | Recipient(s) of "Blind Carbon Copies" of the email message. |
| 15. | EMail_Subject | Subject of the email message. |
| 16. | DateSent | Sent date of an email message. |
| 17. | TimeSent | Time the email message was sent. |
| 18. | DateRcvd | Received date of an email message. |
| 19. | TimeRcvd | Time the email message was received. |
| 20. | Attach | Populates parent records with original filenames of all attached records, separated by semi-colons. |
| 21. | DocExt | File extension of native file. May show original extension or suggested extension, depending on state of "auto-assign ext." option in EDLoader. |
| 22. | FileDescription | Description of native file type, as listed in file type database. |
| 23. | IntMsgID | Internet Message ID assigned to an email message by the outgoing mail server. |
| 24. | MD5Hash | Unique identifier, similar to a "fingerprint". Uses 128-bit encryption. May be used for de-duping purposes. |
| 25. | NumPages | Number of pages in a document (image records). |
| 26. | SourceApp | Source application assigned to the native file, as specified in the file type database. This application will be used to print the file during the e-Print and TIFF Conversion batch processes. |
| 27. | Author | Name of the owner or custodian of the document. |
| 28. | Text | Extracted text from email and e-doc files. |

For documents that exist only in hard copy or as a scanned paper document, the following metadata shall be provided: ProdBeg; ProdEnd; BegAttach; EndAttach; Document Custodian; and OCR Text.

  6. Where copies of photographs or original documents are provided electronically, the original film, photograph, or negative shall be made available for inspection upon request, provided that the original is within the possession, custody, or control of the producing Party and can be located and obtained by the producing Party without undue burden or cost.

6

7. In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (i.e., documents should be logically unitized when maintained in that form). In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs – the document behind each tab shall be scanned separately with a copy of the tab designation included or otherwise designated, but the relationship among the documents in the binder shall be reflected in proper coding of the beginning and ending document and attachment fields.

8. With respect to electronic documents, parent-child relationships (the association between an attachment and its parent document) shall be preserved. Where possible and applicable, attachments, enclosures, or notes will be produced sequentially to the documents/emails to which they are attached. For example, if a party is producing a relevant, non-privileged e-mail along with its relevant, non-privileged attachments, the attachments shall be processed in order behind the e-mail. Notwithstanding the above, individual privileged or non-relevant family members may be withheld from production.

9. Documents designated as "CONFIDENTIAL" as set forth in the Protective Order shall be marked "CONFIDENTIAL" at the bottom left hand side of the page, without obscuring any imaged information or the Bates number. For native filed designated as "CONFIDENTIAL," the placeholder TIFF image shall be marked "CONFIDENTIAL." For any documents produced in native format, producing Parties shall have the option of adding a "CONFIDENTIAL" legend embedded in the document in any manner that does not obscure or otherwise alter information contained in the document.

### D.  OCR Text Files

The parties shall use industry-standard OCR technology. For each document produced electronically, OCR text files shall be provided as a multi-page text file per document, not one text file per page. The text file name shall be the same as the page Bates number on the first page of the document. OCR files shall be provided for all redacted documents provided that the text files shall not contain any redacted portions of the documents. Should errors occur in processing the OCR, the producing party shall provide an error log that identifies images where the text could not be extracted. All OCR files shall be produced in a folder called "TEXT."

### E.  Database Load Files / Cross-Reference Files

1. Discovery Materials shall be provided in a format compatible with Summation, Concordance, Ipro, and Relativity. The load files compatible with Concordance and Relativity shall contain the following data files: (a) ".Dat" for data loads and metadata when applicable including paths to the native and text files and (b) ".OPT" file for images.

The Dat., data load files, should include the default standard delimiters listed below:

Concordance Standard Delimiters:

Comma = (020)

Quote = (254)

New Line = (174)

(Hard return only for each new record)

The load files compatible with Summation shall contain the following data files: (a) ".Dat" files for data loads and metadata when applicable and (b) ".DII" file for images with a token to the native files when applicable (@EDOC NATIVES) and either a token to the path of the text files (@O TEXT) or an ".LST" file for text loads.

Images shall be accompanied by a load file in either IPRO (.LFP file) or Opticon (.OPT file) format. Fields in the Opticon or IPRO file will consist of the Bates number without the file extension, volume, path, document breaks and page counts (beginning and ending production numbers). Standard IPRO/Opticon folder structures will be used. Images for individual documents must be contained in a single document-level folder and may not span multiple image subfolders. All productions shall be delivered in a standard delimited Concordance .DAT file which includes BegAttach and EndAttach fields. OCR/Extracted text shall be provided in document-level text files, in a separate folder from the document images, with text files matching their corresponding production Bates number. Any Confidential material (as per the discovery confidentiality order) shall be marked "CONFIDENTIAL" at the bottom left side of the page.

Each TIFF in a production shall be referenced in the corresponding load file. The total number of documents referenced in a production's data load file shall match the total number of designated document breaks in the Image Load files in the production.

F.  **Production Media**

The producing Party shall produce Discovery Material via secure FTP site where feasible, or on readily accessible, computer or electronic media as the Parties may hereafter agree upon, including CD-ROM, DVD, or external hard drive (with standard PC compatible interface). The producing Party shall accompany all document productions with a transmittal cover letter, sent to all other Parties by e-mail (for productions via secure FTP site) or e-mail and U.S. mail (for productions via computer or electronic media) identifying by Bates number the documents produced.

G.  **Privilege Log**

Within thirty (30) days of serving a production, the producing Party must serve a privilege

log identifying all ESI and non-ESI that it either redacted or withheld from the production due to attorney-client privilege or work product protection. The privilege log shall comply with Fed. R. Civ. P. 26(b)(5).

### H. Third Party Productions

Any Party that obtains ESI from a third party in connection with the Litigation via subpoena shall produce a copy of the ESI to all other Parties. The Party in possession of the third party ESI may produce an exact copy of the third party's production to all other Parties and is under no obligation to satisfy the production requirements set forth in this Stipulation and Order. The producing party is encouraged, however, to Bates number the ESI consistent with how the Party Bates numbers its own documents for production.

SO STIPULATED AND AGREED.

| | |
|---|---|
| */s/ Raymond T. DeMeo* | */s/ Marwan F. Sehwail (with permission)* |
| Raymond T. DeMeo (RD1958) | Marwan F. Sehwail (4960571) |
| Stephen O. Clancy (SC1221) | Muchmore & Associates PLLC |
| Robinson & Cole LLP | 84 Withers Street, #4 |
| One State Street | Brooklyn, NY 11211 |
| Hartford, CT 06103 | Tel: (917) 932-0299 |
| Tel: (860) 275-8200 | E-mail: msehwail@muchmorelaw.com |
| Fax: (860) 275-8299 | Dated: July 23, 2025 |
| E-mail: rdemeo@rc.com | |
| E-mail: sclancy@rc.com | |
| Dated: July 23, 2025 | |

**SO ORDERED**.

_____

**HON. JED S. RAKOFF**
United States District Judge

Dated: New York, New York
~~July~~ 9/25/2025