```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| REDAFCO, INC.,<br><br>       Plaintiff,<br><br>    -v-<br><br>PHILADELPHIA INDEMNITY<br>INSURANCE COMPANY,<br><br>       Defendant. | 25-cv-4891 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

    Defendant Philadelphia Indemnity Insurance Company ("PIIC") moves to dismiss this lawsuit for plaintiff Redafco, Inc.'s alleged failure to join necessary parties. See ECF No. 17. For the reasons stated below, the Court denies the motion.

I. Background

    Redafco previously owned a commercial property that was insured by PIIC. Compl. ¶¶ 8-10. Around May 1, 2023, Redafco filed a claim with PIIC after the roof of the property suffered intense wind damage. Id. ¶¶ 13-15. Shortly thereafter, Redafco filed a second claim with PIIC for $289,940 when it discovered that another portion of the roof had also been damaged. Id. ¶ 16-17.

    PIIC refused to pay Redafco for the second claim. Id. ¶ 21. As a result, Redafco brought this action in state court for $289,940 in damages against PIIC. See generally ECF No. 1. PIIC timely removed the action to federal court on the basis of diversity jurisdiction. Id.

1

Prior to the time when the wind damage occurred and the insurance claims were filed, Redafco had contracted with Gray Matter Technologies LLC ("Gray Matter") and Shelby Company Limited LLC ("Shelby") to sell the property. See ECF No. 19-2. The sale only closed, however, on June 29, 2023, i.e., after the foregoing events. See ECF No. 30 at 2. But after the wind damage took place, but before the sale closed, Redafco, Gray Matter, and Shelby amended their agreement to assign Redafco's recovery under the insurance policy to Gray Matter and Shelby. Id. The parties later entered into a more specific Post Closing Undertaking Agreement in which Redafco agreed to use reasonable efforts to continue seeking insurance proceeds in connection with the wind damage and to "transfer 100% of such proceeds to [Gray Matter and Shelby], less any reasonable Seller fees incurred in connection with obtaining said funds." The agreement also provided an award to Redafco of 5% commission of any insurance proceeds as consideration for these efforts. See ECF Nos. 19-3, 19-4.

Against this background, PIIC argues that Gray Matter and Shelby are necessary parties that needed to have been joined to this action. See ECF No. 17. Since Redafco's deadline to amend its Complaint to include Gray Matter and Shelby has expired, see ECF No. 27, PIIC contends that this action must be dismissed.

II. Legal Standard

2

A party may seek dismissal for failure to join a necessary party as required by Federal Rule of Civil Procedure 19. See Fed. R. Civ. P. 12(b)(7); Fed. R. Civ. P. 19. A party is necessary under Rule 19 when (1) the Court cannot provide complete relief in the absence of the non-party; (2) the non-party's absence prevents its ability to protect its interests; or (3) the non-party's absence would subject the existing parties to multiple or inconsistent obligations. See Viacom Int'l, Inc. v. Kearney, 212 F.3d 721, 724 (2d Cir. 2000). It is the moving party's burden to produce evidence "showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the[ir] absence."[1] Holland v. Fahnestock & Co., 210 F.R.D. 487, 495 (S.D.N.Y. 2002).

III. Discussion

This dispute centers around whether the exclusive right of Gray Matter and Shelby to the insurance proceeds makes them necessary parties to this action.[2] The Court concludes that it does not.

PIIC makes four arguments to the contrary. First, PIIC argues that this Court cannot afford complete relief in the absence of

---

[1] Unless otherwise indicated, all case quotations omit internal alterations, brackets, citations, ellipses, quotations, and quotation marks.

[2] The parties agree that PIIC did not assign its insurance policy to Gray Matter and Shelby.

Gray Matter and Shelby. See ECF No. 18 at 5. Second, PIIC contends that the absence of Gray Matter and Shelby prevents PIIC from defending itself against the proper parties in interest. Id. at 6. Third, PIIC raises the concern of multiple or inconsistent obligations if this action proceeds without Gray Matter and Shelby. Id. Finally, PIIC claims that, in addition to being necessary, Gray Matter and Shelby are also indispensable under Federal Rule of Civil Procedure 19(b). Id.

None of these arguments is persuasive. This case involves only monetary damages. Therefore, "claims can be adjudicated without reference to [Gray Matter and Shelby], and [Redafco] can recover completely against [PIIC] without [Gray Matter and Shelby]'s presence in any judgment [Redafco] may win." See Rose v. Simms, 1995 WL 702307, at *3 (S.D.N.Y. Nov. 29, 1995).

PIIC nonetheless argues that Shelby and Gray Matter are necessary because, "[u]nder New York law, an assignor of a claim retains no right to pursue that claim upon assignment, and the assignee is the real party in interest with respect to that claim." ECF No. 17 at 5 (citing U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobras, 2001 WL 300735, at 9 (S.D.N.Y. Mar. 27, 2001)). But that position misapprehends the instant circumstances. An assignee is the real party in interest when the assignor "is divested of all control and right to the cause of action, and the latter is entitled to control it and receive its fruits[.]"

4

<u>Cummings v. Morris</u>, 25 N.Y. 625, 627 (1862); <u>see also</u> <u>Fahrenholz v. Security Mut. Ins. Co.</u>, 788 N.Y.S.2d 546, 547 (N.Y. App. Div. 2004) (distinguishing between an assignment of a claim from an assignment of interest in proceeds of an insurance policy). The final contract between Redafco and Gray Matter and Shelby specifically only assigns Redafco's right to the insurance proceeds, not its right to the insurance claim. Thus, complete relief can be afforded without Gray Matter's and Shelby's presence. For the same reason, the absence of Gray Matter and Shelby does not prevent PIIC from defending itself against Redafco's insurance claim.

Nor does the absence of Gray Matter and Shelby mean that they cannot protect their own interests. Their only interest is the right to any proceeds Redafco might receive, and that interest is not diluted by their lack of presence here, especially given that Redafco has agreed to use reasonable efforts to continue seeking insurance proceeds in connection with the wind damage. <u>See</u> ECF No. 19-3. Indeed, PIIC does not contend otherwise.

Further, there is little to no risk of multiple or inconsistent obligations arising if this action proceeds without Shelby and Gray Matter. Once again, PIIC's argument rests on the assertion that Gray Matter and Shelby "are the real parties in interest[.]" ECF No. 17 at 6. But if Redafco loses this lawsuit, what claim could Gray Matter and Shelby bring against PIIC? The

contract between the parties offers the assignees no independent right to bring suit for damages relating to the wind damage.

IV. <u>Conclusion</u>

For the foregoing reasons, the Court denies PIIC's motion to dismiss.

SO ORDERED.

New York, NY
October 27, 2025

_____
JED S. RAKOFF, U.S.D.J.